IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GENESIS MICHAEL LINDSEY,           )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )    CASE NO. 2:25-CV-57-WKW
                                   )              [WO]
NORTHERN DISTRICT MORGAN           )
DISTRICT COUNTY ALABAMA,           )
                                   )
        Defendant.                 )

## **ORDER**

Plaintiff Genesis Michael Lindsey, an inmate incarcerated at the Morgan County Jail in Decatur, Alabama, filed this *pro se* 42 U.S.C. § 1983 action. (Doc. # 1.) Based upon the court's review of the Complaint, this action will be transferred to the United States District Court for the Northern District of Alabama.

Venue for actions arising under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). Section 1391(b) provides:

> A civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

When an action is filed in the wrong division or district, the district court may either dismiss the action or, in the interest of justice, transfer it to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a).

In his Complaint, Plaintiff does not allege any conduct that occurred in the Middle District of Alabama or provide any reason why venue is proper in the Middle District. Instead, his allegations pertain to events that occurred at the Morgan County Jail in Decatur, Alabama. (*See generally* Doc. # 1.) Decatur, Alabama is located in the Northern District of Alabama. Additionally, Plaintiff names "Northern District Morgan District County Alabama" as the sole defendant and specifically states that "[t]he Northern District of Alabama is an appropriate venue . . . because it is where the events giving rise to this claim occurred." (*Id*. at 1.) Therefore, under 28 U.S.C. § 1391(b), the proper venue for this action is the Northern District of Alabama.

Accordingly, it is ORDERED that this action is TRANSFERRED to the United States District Court for the Northern District of Alabama under §§ 1391(b) and 1406(a).

The Clerk of Court is DIRECTED to take the necessary steps to effectuate the transfer of this action.

DONE this 22nd day of January, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

2